UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERSON GRANADOS,** | Civil Action No. 15-8917 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES L. GREEN, et al.,** | |
| Respondents. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Herson Granados, filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  Also before this Court is the Court's Order to Show Cause requiring Petitioner to show good cause why his petition should not be dismissed following the Third Circuit's vacation of Petitioner's temporary stay of removal.  (ECF No. 10).  Petitioner filed a response to the Order (ECF No. 14), to which the Government has responded (ECF No. 15).  Petitioner has also filed a reply to that response. (ECF No. 18).  For the following reasons, this Court will dismiss the petition without prejudice.

**I.  BACKGROUND**

Petitioner Herson Granados is a native and citizen of El Salvador who entered the United States in 2000.  (ECF No. 1 at 5).  Although Petitioner was initially granted temporary protected status, Immigrations & Customs Enforcement terminated that status in 2011 following Petitioner's convictions in state court for robbery and eluding, for which he was sentenced to three years imprisonment.  (*Id.* at 5-6).  Following his release from prison, Petitioner was detained by immigration officials on or about March 14, 2014, and has remained in immigration

detention pending the completion of his removal proceedings pursuant to 8 U.S.C. § 1226(c). (*Id.*). Petitioner was ordered removed on July 1, 2015 after his application for relief under the Convention Against Torture was denied. (*Id.* at 6). Petitioner appealed to the Board of Immigration Appeals, who dismissed his appeal on October 27, 2015. (*Id.*). Petitioner thereafter filed an appeal with the Third Circuit Court of Appeals accompanied by a motion requesting a stay of removal. (*Id.*). Pursuant to a standing order of the Third Circuit, Petitioner's motion for a stay was granted pending a formal decision on his stay motion by a panel of the Court of Appeals on October 30, 2015. (*Id.*).

On or about December 29, 2015, Petitioner filed a petition for a writ of habeas corpus with this Court challenging his continued detention without a bond hearing under 8 U.S.C. § 1226(c). (ECF No. 1). Petitioner essentially argued that his continued detention without a bond hearing is unreasonable under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). On February 19, 2016, the Government filed its response to the petition. (ECF No. 4). In its response, the Government conceded that Petitioner remains in detention under § 1226(c) as the Third Circuit has granted Petitioner a stay of removal, thus rendering his order of removal non-final. (*Id.* at 2-3). The Government likewise effectively conceded that, because Petitioner has been detained for well over a year without a bond hearing and is not yet subject to a final order of removal following grant of a stay, Petitioner's case was not meaningfully distinguishable from that presented in *Chavez-Alvarez.* (*Id.* at 2-3). The Government therefore stated in its response that it did "not object to the Court remanding this matter to an Immigration Judge, and ordering a bond hearing." (*Id.* at 3). The Government likewise informed this Court that Petitioner's

counsel had been consulted, and "indicated that he had no objection to the Court remanding the matter . . . for a bond determination." (*Id.*).

Based on the Government's concessions and the stay that Petitioner had been granted, this Court therefore ordered that an Immigration Judge provide Petitioner with a bond hearing within ten days of February 22, 2016. (ECF No. 6). On February 23, 2016, however, the Third Circuit Court of Appeals issued an order denying Petitioner's motion for a stay pending appellate review, and vacated the administrative stay of removal Petitioner had received based on the Third Circuit's standing order. (ECF No. 8 at 3). On February 25, 2016, the Government therefore filed a letter with this Court requesting that the order granting a bond hearing be vacated and that Petitioner's habeas petition be dismissed as moot as he is now subject to a final order of removal and therefore cannot receive a bond hearing. (ECF No. 8). Based on the changes in Petitioner's status caused by the Third Circuit's vacation of the administrative stay, this Court vacated its prior order granting a bond hearing on February 26, 2016, and ordered Petitioner to show cause why his petition should not be dismissed. (ECF No. 10).

On March 15, 2016, Petitioner filed a letter responding to that order. (ECF No. 14). In his response, Petitioner informed the Court that he had filed a motion with the Board of Immigration Appeals seeking to reopen his case, which had been denied. (*Id.* at 2). Petitioner further stated that he had also filed an appeal of that denial, and filed a motion for a stay of removal to accompany that appeal. (*Id.*). Petitioner noted that although he had filed that motion for a stay, it had not yet been granted administratively or otherwise but that Petitioner fully expected that a stay would again be entered temporarily. (*Id.*). Petitioner thus asked this Court to wait for the grant of a stay and then reenter the bond order. (*Id.*).

3

On March 31, 2016, the Government responded to Petitioner's letter. (ECF No. 15). In that response, the Government informed this Court that the Third Circuit had consolidated Petitioner's new appeal with his former appeal, and the Third Circuit had not entered a new administrative stay as of March 31. (*Id.* at 1). The Government thus argued that because no new stay had been entered, and because Petitioner's initial stay had been vacated, Petitioner was now again detained under 8 U.S.C. § 1231(a), and thus his petition must be dismissed as premature at this time. (*Id.* at 1-2).

Following an extension granted by this Court, Petitioner filed a reply letter on April 11, 2016. (ECF No. 18). In his letter, Petitioner notes again that an appeal has been filed addressing Petitioner's motion to reopen his case, and that Petitioner filed a motion for a stay of removal in that case. (*Id.*). Petitioner thus asserts that, under the Third Circuit's standing order, a stay is appropriate and thus must have been entered, regardless of the fact that no clerk's order entering a temporary stay has been docketed. (*Id.*). Petitioner thus asserts that this Court must construe the standing order to have automatically granted Petitioner a stay, despite the Third Circuit's prior order, and must therefore consider Petitioner a *Diop* detainee.

A review of the docket sheet of Petitioner's appeals reveals the following information. Petitioner filed his initial appeal challenging the BIA's dismissal of his case on October 30, 2015. (Third Circuit Docket No. 15-3638 Docket Sheet). Petitioner also filed a motion for a stay of removal on that date. (*Id.*). On October 30, 2015, the Third Circuit's Clerk's Office entered a clerk's order temporarily granting a stay of removal pursuant to the Third Circuit's standing order. (Third Circuit Docket No. 15-3638 at Document No. 003112117082). On February 23, 2016, the Third Circuit's merits panel entered another order denying the motion for a stay and vacating the Clerk's Order granting of a temporary stay. (Third Circuit Docket No.

15-3638 at Document No. 003112214225).  On March 30, 2016, Petitioner filed an appeal of the BIA's order denying his motion to reopen his immigration case.  (Third Circuit Docket No. 16-1736 Docket Sheet).  Petitioner also filed another motion for a stay of removal on that date. (*Id.*).  Also on March 30, 2016, the Third Circuit Clerk's Office issued an order consolidating Petitioner's new appeal with his direct appeal of his immigration case and setting a new briefing schedule to deal with both cases simultaneously.  (Third Circuit Docket No. 16-1736 Document No. 003112248640).  No Clerk's Order entering a new temporary stay has been entered, nor has a merits panel granted, temporarily or otherwise, Petitioner's new motion for a stay.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims.  *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

**1. The Statutory Basis for Petitioner's Detention**

The chief question at issue in this matter is the current statutory basis for Petitioner's detention. Petitioner's detention arises out of either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231(a). While § 1226(c) controls the detention of certain criminal aliens during the pendency of their removal hearings, § 1231(a) controls the detention of removable aliens "during" and "beyond" "the [statutory] removal period." *See Leslie v. Attorney Gen. of United States*, 678 F.3d 265, 269-70 (3d Cir. 2012). Thus, if Petitioner is currently in or beyond the statutory removal period, his detention must be controlled by § 1231(a). Pursuant to the statute, the removal period in a given alien's case begins on the latest of one of the following dates: the date that the alien's order of removal becomes administratively final; "if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or if the alien is detained on a basis other than his removal, the date on which he is released from that other detention. 8 U.S.C. § 1231(a)(1)(B). The Third Circuit in *Leslie* thus explained that "during a stay of removal" entered by a Court of Appeals "§ 1226, [and] not § 1231 governs detention." *Leslie*, 678 F.3d at 270. As this Court previously explained to Petitioner, it "is only through the grant of a stay or the overturning of a final order of removal that an alien's status reverts to pre-removal detention, the filing of an appeal or an application for a stay is insufficient to alter [an] alien's status. *See Leslie*, 678 F.3d at 268-70; *Llorente*[ *v. Holder*, No. 11-6940,] 2012 WL 119147[, at *5-6 (D.N.J. Apr. 10, 2012)]." *Granados v. Green*, No. 15-8577, 2015 WL 9216595, at *2 (D.N.J. Dec. 16, 2015).

In this matter, it is the second type of event which triggers a removal period which is at issue. Petitioner appealed his final order of removal, and was granted an administrative stay of removal. Thus, during the time when that stay was active, Petitioner was detained pursuant to § 1226(c). That said, the Third Circuit merits panel ultimately denied Petitioner's motion for a

stay, and vacated the Clerk's Order granting Petitioner a stay. Because that order was vacated, it is of no moment and no effect, and thus as of the date of the order denying the motion for a stay and vacating the temporary stay, Petitioner was again subject to final order of removal and had returned to the removal period and in turn detention under § 1231. *See Leslie*, 678 F.3d at 270; *Llorente*, 2012 WL 119147 at *5-6. It does not appear from Petitioner's responses to the Order to Show Cause that Petitioner disagrees with or disputes this conclusion.

Instead, Petitioner argues that he is entitled to a stay under the Third Circuit's standing order based on his appeal from his motion to reopen with the BIA and new motion for a stay, and thus should be treated as if he has been granted a second temporary stay of removal. In support of this contention, Petitioner relies entirely upon the Third Circuit's standing order for the proposition that his mere filing of a new motion for a stay automatically reverts his status to that of a pre-removal period § 1226(c) detainee. The Third Circuit's standing order, and the lack of any new Clerk's order entering a new temporary stay, however, indicate that Petitioner is mistaken.

The Third Circuit's standing Order (*see* Document 1 attached to ECF No. 18), does not, in and of itself, grant any filer of a motion for a stay of removal an automatic stay. Instead, in the standing order, the Third Circuit adopted "a policy of granting a temporary administrative stay pending disposition of [a] motion for a stay *if the case meets the [enumerated] criteria.*" (*Id.*, emphasis added). Thus, by its very nature, the standing order specifically places at least one step between the filing of a motion for a stay and the grant of an administrative temporary stay: review by the Third Circuit's Clerk's Office to determine whether the filed motion meets the criteria set by the Third Circuit. Indeed, the standing order specifically states:

> [t]o implement this policy, the [Third Circuit] adopts the following procedure. Upon receipt of a motion for a stay of removal *that meets*

7

> *the above criteria*, pursuant to Internal Operating Procedure 10.4, the Clerk is directed to administratively stay removal until such time as a motions panel can consider the motion. Petitioners are reminded that motions for stay must comply with the requirements of [the local and Federal Rules of Appellate Procedure]. . . . In any event, [a] temporary administrative stay will remain in effect unless vacated by an order of the Court.
>
> *If the case does not meet the above criteria*, the Clerk will immediately inform the Government, schedule the filing of a response, and determine whether the motion must be expedited.

(*Id.* at 1-2, emphasis added). Thus, the Third Circuit has clearly placed a Clerk's Office review between a petitioner and the granting of even a temporary stay. It is also clear that it is the grant of a temporary stay by the Clerk or the grant of a full stay by the Court, and not the filing of a motion for a stay, which actually results in an operative stay of removal. Thus, absent a clerk's order temporary granting a stay, no new stay can be said to have been entered merely by the filing of a new motion for a stay of removal and the existence of the standing order. The standing order in and of itself does not operate to grant automatic stays of removal. Petitioner's argument, such as it is, is thus misguided.

Here, after the filing of Petitioner's second appeal and new motion for a stay, the Third Circuit Clerk's Office has not entered a new temporary administrative stay order. Instead, the Clerk's Office entered an order consolidating Petitioner's appeals and entering a new briefing schedule. Thus, by all appearances, there is no indication that a new temporary stay is forthcoming, and no such stay has been entered other than the initial stay which the Third Circuit has already vacated. Petitioner's case is thus not currently subject to a stay of removal, and because the original administrative stay was vacated, Petitioner's case must be treated as if it was not subject to a stay of removal in the first place. Petitioner is thus currently subject to a final

order of removal, and his detention arises out of 8 U.S.C. § 1231(a) – and not § 1226(c). *See Leslie*, 678 F.3d at 270; *Llorente*, 2012 WL 119147 at *5-6.

### 2. Petitioner's petition is premature under *Zadvydas*

Because Petitioner is currently detained under 8 U.S.C. § 1231(a), the propriety of his detention is governed by the Supreme Court's decision in *Zadvydas*, 533 U.S. at 701. In that case, the Supreme Court observed that the statute requires the Government to detain aliens subject to final orders of removal throughout the ninety day statutory removal period. *Id.* at 683. The Court likewise held that aliens may be detained beyond ninety days so long as detention is "reasonably necessary" to effectuate the alien's removal. *Id.* at 689, 699. Based on these two observations, the Court therefore concluded that, in the interests of streamlining the review process and ensuring consistent review of immigration habeas petitions, the detention of removable aliens for a period of up to six months following a final order of removal is presumptively reasonable under § 1231(a). *Id.* at 701. Thus, a habeas petition challenging a final order of removal filed before the expiration of the six month presumptively reasonable period must be dismissed. *Id.*

Here, Petitioner has yet to reach six months from the date of the BIA's denial of his appeal, October 30, 2015, let alone six months from the date on which the Third Circuit vacated his temporary stay of removal, February 23, 2016. Thus, regardless of which date controls his petition, Petitioner has not yet been detained pursuant to *Zadvydas* for at least six months. As a result, Petitioner's current habeas petition is premature, and must be denied without prejudice as such. 533 U.S. at 701.

## III. CONCLUSION

      For the reasons stated above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice.  An appropriate order follows.


April 19, 2016                                    *s/ Susan D. Wigenton*
                                                                  Hon. Susan D. Wigenton,
                                                                  United States District Judge